IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael Thomas, | ) | C/A No. 6:25-cv-13866-RMG-KFM |
| | ) | |
| Plaintiff; | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| M. Cox, Cpt. Blakely, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

The plaintiff's complaint was entered on the docket on December 15, 2025 (doc. 1) and his amended complaint was entered on the docket on March 18, 2026 (doc. 11). By order filed January 29, 2026, the plaintiff was given a specific time frame in which to bring this case into proper form for judicial screening (doc. 7). The plaintiff complied with the court's order, and the case is now in proper form for judicial screening. However, for the reasons that follow, it is recommended that this matter be dismissed.

## ALLEGATIONS

This is a § 1983 action filed by the plaintiff, a state prisoner (docs. 1; 11). The plaintiff is in the custody of the South Carolina Department of Corrections ("SCDC") and currently located at McCormick Correctional Institution (doc. 1 at 2). In the two-page amended complaint, the plaintiff alleges that on March 11, 2025, after a medical appointment, he was scheduled for a late breakfast tray (*id*. at 1). The plaintiff contends

that when Ofc. Cox brought his breakfast tray it did not have bread on it (*id*.).  Ofc. Cox indicated that some trays had bread and some did not and the plaintiff indicated that he wanted to talk to someone because he wanted a tray with bread on it (*id*.).  The plaintiff then kept his hand in the tray flap to prevent it from closing because he did not want the incomplete tray (*id*.).  Ofc. Cox cursed at the plaintiff to move his hand and when he didn't she slammed the flap down on his hand (*id*. at 1–2).  The plaintiff informed her that his hand was hurt and she walked away (*id*. at 2).  The plaintiff was then treated by medical for the injury to his hand (*id*.).

The plaintiff attempted to file a grievance after the incident, but there was no response to the filing and he was told the video was too blurry (*id*.).  The plaintiff also contends that Cpt. Blakely charged him with a disciplinary charge for the incident and the plaintiff signed the form accepting the charge instead of going to a disciplinary hearing because he could be subject to harsher penalties if he went to the disciplinary hearing (*id*.).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. However, as outlined below, the plaintiff's amended complaint is subject to summary dismissal because it is duplicative of another case filed by the plaintiff in this court. *See Thomas v. Cox, et al*., C/A No. 6:25-cv-12065-RMG-KFM (D.S.C.) (Thomas 1). Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*,

C/A No. 3:10-cv-00895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation marks omitted) (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007)).  Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)).  Here, the complaint in this action seeks damages relating to an incident where the plaintiff's hand was slammed in the food flap on March 11, 2025 (docs. 1; 11).  The plaintiff seeks damages relating to the same incident in Thomas 1.  *Thomas*, C/A No. 6:25-cv-12065-RMG-KFM, at doc. 1.  As such, the two cases are parallel suits.  The instant matter was filed after Thomas 1; thus, the instant matter should be dismissed as duplicative.[1]  *See Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (internal quotation marks and citation omitted) (dismissal of duplicative action necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.").

<u>**RECOMMENDATION**</u>

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the amended complaint.  Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process for failure to state a claim because it is duplicative of Thomas 1.[2]  *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave

---

[1] The plaintiff's claims regarding the food flap incident on March 11, 2025, will continue in Thomas 1.  *See Thomas*, C/A No. 6:25-cv-12065-RMG-KFM.

[2] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action could later be deemed a strike under the three-strikes rule.  *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

      **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

March 23, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).